It seems that the ground chiefly relied on in the Superior Court in support of the decision was that the judgment was void because it was rendered by a magistrate who was interested to have the judgment entered against the other parties and also was, himself, a party to the suit.
Although it is extremely reprehensible in a judicial officer to sit in a cause to which he was a party, or in which he is interested, and we suppose that a judgment given by a justice of the peace on the side of his interest may be reversed or quashed for that cause, yet the Court is not prepared, without more consideration than we can now bestow, to say that it is so utterly void that it may be so treated immediately by (447) the plaintiff who obtained it, and that as against other parties than the magistrate himself. The point is not further examined because the Court holds, on another plain ground, that the judgment does not protect the defendant in this suit. That ground is that it does not appear to be against him, and it is necessary that it should in order to constitute a bar. It is true, the warrant was against the three, and it was returned "Executed," yet it is not stated on whom it was executed, and the judgment is only "against the defendant" in the singular number, without saying which defendant. So in the entry of the stay the *Page 309 
same phrase, "defendant," is used again. It is to be taken, by a plain implication, we think, that the magistrate was not giving judgment against himself, as he professes to act on an admission to the constable, proved, as we suppose, by that person; and, moreover, he could not be so silly as to suppose the stay good that he would grant to himself. If he was not charging himself by the judgment, it is presumed he did not mean to render one against this defendant, who was his own assignee. It is extremely probable, therefore, that the "defendant" was Rhea, the maker of the note alone, especially as costs are given only for service on one person. But, however that may be, we think this defendant does not establish that it was against himself; for the "defendant" either meant Rhea or it is so vague that it does not designate any one in particular, and would, for that reason, be ineffectual. We think such a judgment against the "defendant," upon a warrant against three persons, would not justify a sale of this defendant's goods on an execution; and that, as against him, it is a nullity.
PER CURIAM. No error.
(448)